IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEDRICK TURNER, 657947,       ) | |
|       Petitioner,       ) | |
|              ) | |
| v.       ) | No. 3:08-CV-2229-B |
|              ) | |
| RICK THALER, Director, Texas       ) | |
| Dept. Of Criminal Justice, Correctional       ) | |
| Institutions Division,       ) | |
|       Respondent.       ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. At the time he filed this petition, Petitioner was in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

Petitioner challenges the Board of Pardons and Paroles's ("Board's") March 12, 2008, decision to deny him release on parole. Petitioner alleges that: (1) the Board's decision violated his right to due process; (2) the Board failed to provide a written report supporting its decision; and (3) the Board failed to follow state law.

On May 11, 2009, Respondent filed his answer arguing the petition should be dismissed for failure to exhaust state remedies. Petitioner did not file a reply. The Court finds the petition should be dismissed.

**Discussion:**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110. The exhaustion requirement applies to prisoners challenging a denial of release to parole or mandatory supervision. *See Medina v. Quarterman*, No. 3:09-CV-887-N, 2009 WL 2015119 (N.D. Tex. July 10, 2009) (dismissing for failure to exhaust denial of release on parole); *Eiland v. Cockrell*, No. 3:03-CV-0027-P, 2003 WL 21350136 at *1 (N.D. Tex. June 5, 2003) (dismissing for failure to exhaust denial of release to discretionary mandatory supervision); *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000) (holding that an "[a]pplicant's habeas corpus claims alleging illegal confinement arising after his felony conviction, but not contesting the validity of the judgment, may be raised under Code of Criminal Procedure Art. 11.07.").

Petitioner did not file a petition for discretionary review and did not file any state applications for writ of habeas corpus regarding his denial of release to parole. He therefore has not presented his claims to the Texas Court of Criminal Appeals. Petitioner's claims should be dismissed for failure to exhaust his state remedies.

**RECOMMENDATION**

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 18th day of November, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).